IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **DANEAN LOFTON,** | ) |
| | ) |
| Plaintiff, | |
| | ) |
| v. | ) |
| | )     **CASE NO. CV-05-721-KD-M** |
| **JACK TILLMAN,** in his individual | |
| and Official Capacity as Sheriff of Mobile | ) |
| County, Alabama; **WARDEN MIKE** | |
| **HALEY,** in his Individual and Official | ) |
| Capacity as Warden of the Mobile County | |
| Metro Jail; **CORRECTIONAL MEDICAL** | ) |
| **SERVICES, INC.,** a Corporation; | |
| **CARLA WASDIN; SUE BUCKLEY;** | ) |
| | |
| Defendants. | |

## ORDER

This cause is before the Court on plaintiff's "Motion for Leave to Amend", filed June 23,

2006 (Doc. 24) [1]; defendants Correctional Medical Services, Inc. ("CMS"), and Carla Wasdin's

objection thereto (Doc. 27); plaintiff's response (Doc. 29) and defendants' reply thereto (Doc.

30). [2]

---

[1] Pursuant to the Court's Rule 16(b) Scheduling Order, the deadline for filing amended pleadings is June 23, 2006.  (See Doc. 17)

[2] On July 12, 2006  the undersigned directed plaintiff to file a response to defendants' objection to the motion to amend.  (Doc. 28)  Plaintiff complied (doc. 29 ) and defendants filed a reply thereto on July 17, 2006.  (Doc. 30)

I.      Procedural History

Plaintiff, a pretrial detainee at the Mobile Metro Jail, filed this 1983 action against

defendants on December 16, 2005 alleging, in sum that defendants were deliberately indifferent

to the serious medical needs of plaintiff such that plaintiff's rights under the Eighth and

Fourteenth Amendments to the United States Constitution were violated.  (Doc. 1)  Plaintiff also

alleges claims of  negligent and wanton training and supervision, negligence, wantonness and

outrage. (Id.)

The Court entered a  Rule 16(b) Scheduling Order on March 22, 2006. (Doc. 17) [3]

Plaintiff now seeks leave of Court to amend her complaint to include twenty three additional

defendants to this action.  (Doc. 24, Attachment)   Defendants, Correctional Medical Services,

Inc., and Carla Wasdin, object to the motion, on the grounds, in sum, that the amendment would

substantially prejudice defendants and would require a modification of the scheduling order

"without the requisite showing of 'good cause'." (Id. at 12)  Plaintiff responds, in sum,  that the

amendment is within the time frame set by the Court in the Rule 16(b) Scheduling Order and the

addition of the defendants will not unduly prejudice defendants nor will it cause undue delay of

this matter.  (Doc. 29)

II.     Discussion

The decision whether to grant leave to amend a complaint is within the sole discretion of

the district court. Laurie v. Alabama Ct. of Crim. App., 256 F.3d 1266, 1274 (11th Cir.2001).

However, Rule 15(a) tempers the court's discretion by directing that "leave shall be freely given

---

[3] The deadlines set by the Court's order include the following: Amended Pleadings- June
23, 2006; Discovery -January 5, 2007, and Dispositive Motions- January 26, 2007.  Jury
selection is scheduled for June 26, 2007.

when justice so requires." <u>Bryant v. Dupree</u>, 252 F.3d 1161, 1163 (11th Cir.2001). The Supreme

Court has held that "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a

proper subject for relief, he [or she] ought to be afforded an opportunity to test his claim on the

merits." <u>Foman v. Davis</u>, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962).

Thus, the court must have a substantial reason to deny a motion to amend.  <u>Laurie</u>, 256

F.3d at 1274.  Substantial reasons justifying a denial include "undue delay, bad faith, dilatory

motive on the part of the movant, repeated failure to cure deficiencies by amendment previously

allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and]

futility of the amendment." <u>Foman</u>, 371 U.S. at 182, 83 S.Ct. 227; <u>see also</u>  <u>Hargett v. Valley</u>

<u>Fed. Savings Bank</u>, 60 F.3d 754, 761 (11th Cir.1995).

*Dilatory Conduct/Undue Delay*

The crux of defendants' objection is that plaintiff should have filed a motion to amend

sooner than the last day the scheduling order set for the filing of such motions.  Defendants argue

that "[p]laintiff was aware that there were potential parties to this action that were unknown to

her as evidenced by the Plaintiff's initial complaint wherein she named unknown fictitious

defendant employees of both CMS and the Mobile County Sheriff's Department."  In addition,

defendants contend that their initial disclosures should have put the Plaintiff on notice that any

amendments to the complaint should have been made promptly as well as alerting the plaintiff as

to the necessity of filing a motion to amend the Scheduling Order.

Plaintiff maintains that defendants' discovery responses and objections to discovery have

delayed discovery and made it difficult for plaintiffs to identify all potential defendants.  As a

result plaintiff contends that, in an abundance of caution, she seeks to add these individuals as

defendants in this action.

While plaintiffs proposed amendment is significant in the number of individuals it seeks to add as defendants, the Court finds that plaintiffs' actions do not reflect dilatory conduct or undue delay to warrant denial of the motion.

*Undue Prejudice*

Defendants next argue that the proposed amendment will necessitate a revision of the Rule 16(b) Scheduling Order.  Plaintiff counters that she seeks to amend her complaint within the time frame ordered by the Court in the Rule 16(b) Scheduling Order and does not anticipate seeking an amendment to the existing scheduling order.  (Doc. 24) While plaintiff concedes that defendants may suffer prejudice if the amendment is granted, she contends that defendants will not suffer "undue prejudice".

Defendants may suffer some prejudice as a result of the inclusion of twenty-three additional defendants.  However, the Court cannot say that defendants will suffer the type of undue prejudice which would justify the denial of the motion.  See  Loggerhead Turtle v. Council of Volusia Cty., 148 F.3d 1231, 1257 (11th Cir.1998) (noting that "[a]ny amendment to an original pleading necessarily involves some additional expense to the opposing party," but adding that this will not justify denial of leave where the additional expense is "of nominal proportions")

*Good Cause Under Rule 16*

Defendants next argue that the amendment would require that the scheduling order be revised and that plaintiff has failed to make the requisite showing of "good cause" for modification of the Scheduling Order.  Sosa v. Airprint Systems, Inc., 133 F.3d 1417, 1419 (11th

Cir. 1998)("If we considered only Rule 15(a) without regard to Rule 16(b), we would render

scheduling orders meaningless and effectively would read Rule 16(b) and its good cause

requirement out of the Federal Rules of Civil Procedure."); see also Fed. R. Civ. P. 16(b).

Alexander v. AOL Time Warner, Inc., 132 Fed. Appx. 267, 269 (11th Cir. 2005).  Plaintiff

argues that she has no plans to seek an amendment to the scheduling order and maintains that

any delay in discovery is due to defendants' actions. [4]

Plaintiffs' motion was filed on June 23, 2006, the last day in which to file such a motion

pursuant to the Rule 16(b) Scheduling Order.  While defendants *speculate* that the amendment

will require a revision of the scheduling order, nearly six (6) months of discovery remain in this

action with a trial date in late June, 2007.   At this juncture, the Court is of the opinion that the

parties should be able to work within the time frames established in the existing scheduling

order.

*Futility of Amendment*

Defendants further argue that the amendment seeking to add as defendants employees of

CMS would be futile, on the grounds, in part that plaintiff has testified that a correctional officer

gave her the insulin.  In addition, defendants contend that the proposed amended complaint does

not assert any affirmative causal connection necessary to sustain a Section 1983 claim between

the plaintiff's alleged injuries and the additional persons plaintiff seeks to add as additional

parties.

---

[4] Defendants take issue with plaintiff's contention that they have in any manner delayed discovery in this action.  (See Doc. 30) As noted by both parties, the Federal Rules of Civil Procedure provide procedural vehicles by which the parties may seek court intervention to resolve any discovery disputes that may arise during the course of this litigation.

Plaintiff argues that it is not apparent from the amended complaint that the plaintiff's

causes of action against the additional parties are futile and argues there are there are factual

issues which need developing, including which nurses were aware of plaintiff's medical

condition, which nurses delayed treatment to plaintiff, which nurses denied plaintiff her heart

medication, and which nurses actually provided insulin to plaintiff.  Plaintiff maintains that

defendant Tillman and Haley have not identified any correctional officer who administered

medication to plaintiff and if there is such an individual, defendant CMS should identify that

individual.  While plaintiff concedes that this matter is subject to further discovery, plaintiff

contends that it does not negate the liability of CMS and/or CMS employees who permitted any

correctional officer to administer medicine.

"When a district court denies the plaintiff leave to amend a complaint due to futility, the

court is making the legal conclusion that the complaint, as amended, would necessarily fail." St.

Charles Foods, Inc. v. America's Favorite Chicken Co., 198 F.3d 815, 822-23 (11th Cir.1999);

Burger King Corp. v. Weaver, 169 F.3d 1310, 1320 (11th Cir.1999) (denial of leave to amend

justified by futility when "complaint as amended is still subject to dismissal" ); Florida Power &

Light Co. v. Allis Chalmers Corp., 85 F.3d 1514, 1520 (11 th Cir.1996) (amendment is futile if

cause of action asserted therein could not withstand motion to dismiss).   Thus, as it would in

resolving a motion to dismiss, the Court will turn to the face of plaintiff's proposed amended

complaint to determine whether the amendment is futile.

In order  "[t]o sustain a cause of action based on section 1983, [a plaintiff] must establish

two elements: (1) that [he] suffered a deprivation of rights, privileges or immunities secured by

the Constitution and laws of the United States, and (2) that the act or omission causing the

deprivation was committed by a person acting under color of law." <u>Wideman v. Shallowford</u>

<u>Community Hosp., Inc</u>., 826 F.2d 1030, 1032 (11th Cir.1987) (internal quotations and citation

omitted).  Supervisory officials can only be liable if they personally participate in the alleged

constitutional violation or where there is a "causal connection between actions of the supervising

official and the alleged constitutional deprivation." <u>Id.</u> (quoting <u>Brown v. Crawford</u>, 906 F.2d

667, 671 (11th Cir.1990)).

Plaintiff's proposed amended complaint seeks to add as defendants employees of CMS

and Correctional Officers at the Mobile County Metro Jail.  As to the CMS employees, the

amended complaint alleges, in pertinent part:

> Defendants Chinetha Smith, Trina Perine, Ashley Fleming, Racy Mattox, Debbie
> Buck, Susan Henson, Sylvia Rankin and Dr. Marc Sonnier are employees of
> Defendant CMS at the Mobile County Metro Jail responsible for monitoring the
> health and medical condition of detainees such as Plaintiff (hereinafter
> collectively referred to as "CMS Employee Defendants"). Defendants were
> deliberately indifferent to the serious medical needs of Plaintiff and acted
> negligently and/or wantonly in monitoring Plaintiff's deteriorating medical
> condition during Plaintiff's incarceration as a detainee at the Mobile County
> Metro Jail and failed to provide adequate treatment to Plaintiff.

(Doc. 24, Attachment at ¶ 7)   The Court finds that "the underlying facts or circumstances relied

upon by [plaintiffs] may be a proper subject of relief," therefore, plaintiffs should be afforded the

opportunity to test the claims against these defendants on the merits. <u>Foman</u>, 371 U.S. at 182.

 III.    <u>Conclusion</u>

Plaintiffs motion to amend the complaint was filed within the time frame established by

the Court for amending pleadings.  Moreover, nearly six (6) months of discovery remain in this

action and the trial date is just shy of a year away.  While the inclusion of an additional twenty

three individuals will certainly place a burden on the discovery process, defendants have not

shown that they will suffer undue prejudice by the amendment.  Moreover, defendants have not

show that the amendment would be futile.  Therefore, upon consideration, and for the reasons set

forth herein, plaintiff's motion to amend the complaint is **GRANTED.**

Plaintiff is DIRECTED to file and serve the amended complaint on defendants by

**August 1, 2006.**

**DONE** and **ORDERED** this the 21st day of July 2006.

/s / Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**